UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ISMAEL AGASINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES INC.,<br><br>　　　　Defendant. | Case No. 19-cv-03243-LB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE BUT GRANTING MOTION TO TRANSFER CASE UNDER 28 U.S.C. § 1404**<br><br>Re: ECF No. 12 |

**INTRODUCTION**

Plaintiff Ismael Agasino, who does not live in California and does not allege any connection to California, brings this lawsuit against defendant American Airlines, Inc., which is not a citizen of California, for injuries he suffered on a flight that had no connection to California. American Airlines moved to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the case under 28 U.S.C. § 1404.

The court can decide this motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies American Airlines's motion to dismiss but finds that transfer is appropriate under 28 U.S.C. § 1404 and transfers this case to the Northern District of Texas.

# STATEMENT

Plaintiff Ismael Agasino is a citizen and resident of the United States.[1] Mr. Agasino does not allege that he is a citizen or resident of California.[2] Mr. Agasino does not allege that he has any connection to California.[3]

Defendant American Airlines is a citizen of Texas, where it maintains its principal business offices.[4] More specifically, American Airlines maintains its principal offices in Fort Worth, Texas.[5] Fort Worth is in the Northern District of Texas.

Mr. Agasino booked a flight on American Airlines Flight 60, flying on June 1, 2018.[6] Flight 60 flew from Tokyo, Japan to Dallas, Texas.[7] Dallas is in the Northern District of Texas. On that flight, a bag fell from an overhead storage compartment and hit Mr. Agasino in the head.[8] Mr. Agasino lost consciousness and suffered injuries, including a concussion, cervical strain, and cognitive impairment.[9] Mr. Agasino makes a claim under the Convention for the Unification of

---

[1] Compl. – ECF No. 1 at 2 (¶ 1). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See generally* Compl. – ECF No. 1; *see also* Civil Cover Sheet – ECF No. 1-1 (stating that Mr. Agasino's county of residence is "Middlesex," which is not a county of California); Pl. Opp'n – ECF No. 17 at 9 (stating that Mr. Agasino would have to "travel[] to San Francisco" to litigate this case). Mr. Agasino does not disclose in either his complaint or his opposition where he lives.

[3] *See generally* Compl. – ECF No. 1.

[4] *Id.* at 2 (¶ 2).

[5] *See, e.g.*, American Airlines, Inc., Form 10-K (2019), *available at* https://www.sec.gov/Archives/edgar/data/4515/000000620119000009/a10k123118.htm (last visited July 26, 2019). The court can take judicial notice of the location of American Airlines's principal offices. Fed. R. Evid. 201(b); *cf. Miller v. Roundpoint Mortg. Serv. Corp.*, No. 3:18-cv-00106-BEN-BLM, 2018 WL 1069433, at *2 (C.D. Cal. Feb. 23, 2018) (taking judicial notice of company's principal place of business based on Secretary of State's website) (citing *Franklin v. Eisner*, No. 96-CV-935 JSB, 1996 WL 406795, at *1 (N.D. Cal. July 12, 1996)).

[6] Compl. – ECF No. 1 at 3 (¶ 3).

[7] Jackson Decl. – ECF No. 12-2 at 1–2 (¶¶ 3–4). On a motion to dismiss for improper venue, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).

[8] Compl. – ECF No. 1 at 5 (¶ 5).

[9] *Id.*

Certain Rules for International Carriage by Air, Treaty No. 106-45 (the "Montreal Convention"), against American Airlines for not less than $400,000.[10]

Mr. Agasino does not allege that he booked his flight from California.[11] Mr. Agasino does not allege that the flight departed from, arrived in, had a layover in, or otherwise had any connection to California.[12] Mr. Agasino alleges that American Airlines generally operates numerous flights into and out of San Francisco International Airport ("SFO"), leases space at SFO, has hundreds of employees at SFO, and regularly solicits business from citizens in the Northern District of California[13] — but he does not allege that he, his flight, or any allegations relating to his claim have any connection to California.[14]

## ANALYSIS

### 1. Montreal Convention

Mr. Agasino contends that venue for this case is governed by the Montreal Convention. He argues that the Convention contains its own venue rules and that those rules supersede the general venue statute, 28 U.S.C. § 1391.[15] Not so. The Convention does not govern venue within the United States.

The Convention states:

> 1. An action for damages must be brought, at the option of the plaintiff, in the territory of one of the States Parties, either before the court of the domicile of the carrier or of its principal place of business, or where it has a place of business through which the contract has been made or before the court at the place of destination.

---

[10] *Id.* at 4.

[11] *See generally* Compl. – ECF No. 1.

[12] *See generally id.*

[13] Compl. – ECF No. 1 at 2.

[14] *See generally* Compl. – ECF No. 1; *accord* Jackson Decl. – ECF No. 12-2 at 1–2 (¶¶ 3–4) (American Airlines attesting that Flight 60 never stopped at SFO); Pl. Opp'n – ECF No. 17 at 7 (Mr. Agasino agreeing that it was "never in dispute" that Flight 60 never stopped at SFO).

[15] Pl. Opp'n – ECF No. 17 at 2–5.

ORDER – No. 19-cv-03243-LB    3

2. In respect of damage resulting from the death or injury of a passenger, an action may be brought before one of the courts mentioned in paragraph 1 of this Article, or in the territory of a State Party in which at the time of the accident the passenger has his or her principal and permanent residence and to or from which the carrier operates services for the carriage of passengers by air, either on its own aircraft, or on another carrier's aircraft pursuant to a commercial agreement, and in which that carrier its business of carriage of passengers by air from premises leased or owned by the carrier itself or another carrier with which it has a commercial agreement.

Montreal Convention ch. 3, art. 33. Courts have held that the Montreal Convention (and its predecessor, the Warsaw Convention) does not govern venue within a signatory "State Party." *Avalon Techs., Inc. v. EMO-Trans, Inc.*, No. 14-14731, 2015 WL 1952287, at *5 (E.D. Mich. Apr. 29, 2015) ("Numerous courts have considered the proper interpretation of Article 33 of the Montreal Convention and its predecessor under the Warsaw Convention. The consensus appears to be that Article 33 confers jurisdiction on the courts of a nation-state, rather than a particular court within that nation-state.") (citing cases). As the Ninth Circuit explained in connection with the Montreal Convention's predecessor, the Warsaw Convention,[16] the Convention "does not . . . affect whether venue is proper and convenient in a particular federal court" or "alter a federal court's power to transfer a case *within* the United States pursuant to 28 U.S.C. § 1404(a)." *Hosaka v. United Airlines, Inc.*, 305 F.3d 989, 1004 (9th Cir. 2002) (emphasis in original) (citing *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1161 n.21 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Pampin Lopez*, 490 U.S. 1032 (1989)). A "'[p]laintiff's choice of forum within [a] country is governed by the internal law [of that country], with all its intricacies and complexities, not by the [] Convention. Once a plaintiff files suit in a country with jurisdiction over his or her claims, that country's procedural rules govern venue.'" *Avalon*, 2015 WL 1952287, at *5 (quoting *Mertens v. Flying Tiger Line, Inc.*, 341 F.2d

---

[16] Courts have held that the Montreal Convention should be "construed consistently with the precedent developed under the Warsaw Convention and its related instruments." *Avalon Techs.*, 2015 WL 1952287, at *5 n.3 (quoting *Byrd v. Comair, Inc. (In re Air Crash at Lexington)*, 501 F. Supp. 2d 902, 908 (E.D. Ky. 2007)).

ORDER – No. 19-cv-03243-LB       4

851, 855 (2d Cir. 1965), *abrogated on other grounds by Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989)).

The Montreal Convention does not vest venue in this district.[17]

## 2. 28 U.S.C. § 1391

Venue is nonetheless proper in this district under the United States's standard procedural rules.

Within the United States, venue for civil actions filed in federal court is governed by 28 U.S.C. § 1391, which states in relevant part that:

> A federal civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of venue, a corporate entity like American Airlines "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

American Airlines moved to dismiss for improper venue but did not move to dismiss for lack of personal jurisdiction.[18] It therefore has waived any personal-jurisdiction arguments and is

---

[17] Mr. Agasino's reliance on *In re Air Crash at Lexington*, 501 F. Supp. 2d 902, to argue that the Montreal Convention provides for venue in any federal court, is misplaced. That case — which, unlike this one, was being litigated in the federal district where the flight originated and where the accident took place, *id.* at 905 — did not address venue. (Instead, it addressed whether the Warsaw or Montreal Conventions applied to the plaintiff's claims at all in the first instance and whether they preempted state-law causes of action. *Id.*)

[18] *See* Def. Mot. – ECF No. 12. American Airlines makes one passing reference to Federal Rule of Civil Procedure 12(b)(2) (personal jurisdiction), *id.* at 8, but its notice of motion refers only to Rule 12(b)(3) (venue) and 28 U.S.C. § 1404, and not 12(b)(2), *id.* at 2, and its brief makes no arguments and cites no authorities addressing personal jurisdiction. *Cf.* N.D. Cal. Civ. L.R. 7-4(a)(5) (brief in support of motion must contain "[a]rgument by the party, citing pertinent authorities").

ORDER – No. 19-cv-03243-LB 5

subject to personal jurisdiction here with respect to this case. Fed. R. Civ. P. 12(g)(2), (h)(1)(A). Because American Airlines is subject to personal jurisdiction, venue is also proper under 28 U.S.C. § 1391(b)(1) and (c)(2). *Cf. Ward v. Certain Underwriters at Lloyd's of London*, No. 18-cv-07551-JCS, 2019 WL 2076991, at *4 (N.D. Cal. May 10, 2019) ("As far as this Court is aware, every court to consider the issue has held that personal jurisdiction even based on waiver is sufficient to establish 'residency' for the purpose of § 1391(c)(2).") (citing cases); *AT&T Corp. v. Teliax, Inc.*, No. 16-cv-01914-WHO, 2016 WL 4241910, at *2 (N.D. Cal. Aug. 11, 2016) ("A party waives a defense based on lack of personal jurisdiction by omitting it from its first Rule 12(b) motion. . . . [B]ecause [defendant] did not contest personal jurisdiction, it is therefore 'subject to personal jurisdiction' in this district for the purposes of establishing venue.") (citing cases and treatise); *Markel Am. Ins. Co. v. Pac. Asian Enters., Inc.*, No. C-07-5749 SC, 2008 WL 2951277, at *2 (N.D. Cal. July 28, 2008) ("[Defendants], each having brought a Rule 12 motion without challenging personal jurisdiction, have waived that defense. As each of the Defendants is subject to personal jurisdiction in this district, each is considered to reside here for the purposes of venue.") (citations omitted).

### 3. 28 U.S.C. § 1404

While venue is proper under 28 U.S.C. § 1391, the court nonetheless transfers this case to the Northern District of Texas under 28 U.S.C. § 1404.

#### 3.1 Governing Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

"A motion under section 1404(a) must first show that the transferee district is one where the action might have been brought." *EEOC v. United Airlines, Inc.*, No. C 09-2469 PJH, 2009 WL 7323651, at *1 (N.D. Cal. Dec. 3, 2009) (citing 28 U.S.C. § 1404(a)). "The movant must demonstrate that the alternate district would have subject matter jurisdiction, personal jurisdiction, and proper venue." *Id.* (citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960)). "If the transferee

district is one in which the action might have been brought, the court assesses various factors related to convenience and the interests of justice." *Id.* (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)). "Courts apply a multi-factor balancing test to determine if transfer would serve the convenience of the parties and witnesses, and would be in the interests of justice." *Id.* (citing *Jones*, 211 F.3d at 498–99). Factors relevant to this case that the court may consider include:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum.

*Id.* (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

### 3.2 Application

This case could have been brought in the Northern District of Texas. The Northern District of Texas has as much subject-matter jurisdiction over a claim brought under the Montreal Convention as this court does, and American Airlines is headquartered in the Northern District of Texas and thus is subject to personal jurisdiction there (which means that venue is proper there as well).

Additionally, all but one of the factors in the multi-factor balancing test weigh favor transfer to the Northern District of Texas (or are neutral).

The one factor that could even partially weigh against transfer is the plaintiff's choice of forum. But where, as here, "a plaintiff does not reside in the forum, . . . . the operative facts have not occurred within the forum of original selection[,] and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimal consideration." *Stambanis v. TBWA Worldwide, Inc.*, No. 19-cv-00821-TSH, 2019 WL 1979949, at *3 (N.D. Cal. May 3, 2019) (quoting *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).

The convenience-of-the-parties factor favors transfer. American Airlines is headquartered in the Northern District of Texas, and it would be more convenient for it to litigate there. Mr. Agasino argues that American Airlines can fly its employees from Texas to this district to litigate

this case.[19] "[T]he fact that [American Airlines] operates an airline does not eliminate the expense and disruption associated with having to transport witnesses to California." *Cf. United Airlines*, 2009 WL 7323651, at *3. "[E]very seat taken by a witness is one that cannot be sold to a customer." *Cf. id.* "Moreover, the company would likely suffer a loss of productivity and disruption due to the time it would take for each employee to travel to California." *Cf. id.* "In addition, [American Airlines] would be forced to pay for other travel expenses, such as hotels, taxis, and meals." *Cf. id.* By contrast, the Northern District of Texas is no less convenient than this district is for Mr. Agasino. Mr. Agasino does not live here and, in filing this case here, made the choice to litigate outside his home district. He affirmatively says he has no objection to traveling to this district to litigate this case.[20] If he can travel here, he can travel there as well.

The convenience-of-the-witnesses and the relative-ease-of-access-to-the-evidence factors favor transfer. American Airlines is headquartered in the Northern District of Texas. The flight where Mr. Agasino was injured landed in the Northern District of Texas. There may be relevant witnesses and evidence in the Northern District of Texas. By contrast, there has been no showing that there is a single witness or a single piece of evidence in this district, which has no connection to any fact in this case.[21]

The familiarity-of-each-forum-with-the-applicable-law factor is neutral. The Northern District of Texas is equally familiar with federal law as this court is.

The feasibility-of-consolidation-with-other-claims factor is inapplicable and thus neutral.

The local-interest-in-the-controversy factor favors transfer. American Airlines is headquartered in the Northern District of Texas. The flight where Mr. Agasino was injured landed

---

[19] Pl. Opp'n – ECF No. 17 at 6.

[20] *Id.* at 9.

[21] Mr. Agasino says that his doctors, whom he intends to call as witnesses, are located in the District of Connecticut. Pl. Opp'n – ECF No. 17 at 9. He also says, however, that he expects that all of his doctors will testify through video depositions. *Id.* Given that he is willing to have them testify through video depositions in any event, Mr. Agasino has not established that this factor weighs more heavily in favor of transfer to the District of Connecticut than to the Northern District of Texas — and this factor certainly does not weigh in favor of leaving the case here, where none of Mr. Agasino's doctors are located.

ORDER – No. 19-cv-03243-LB 8

in the Northern District of Texas. The Northern District of Texas may have a local interest in the controversy. By contrast, this district has no relation to and no local interest in the controversy.

Neither party has made a showing regarding the relevant court congestion and time to trial, and this factor appears neutral.[22]

As all factors (other than the minimal weight given to Mr. Agasino's choice in filing this case in a district where he does not live and that has no relation to this case) are either neutral or weigh in favor of transfer, the court grants American Airlines's motion to transfer this case.

## CONCLUSION

The court denies American Airlines's motion to dismiss but grants its motion to transfer and transfers this case to the Northern District of Texas.

**IT IS SO ORDERED.**

Dated: July 26, 2019

LAUREL BEELER
United States Magistrate Judge

---

[22] The Federal Court Management Statistics for March 2019 do not show a significant difference in congestion between the Northern District of Texas and this district.

ORDER – No. 19-cv-03243-LB        9